# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

DAVID HERNANDEZ MALDONADA,

    Plaintiff,

    v.

KRISTI NOEM, *et al.*,

    Defendants.

No. 1:25-cv-17783 (CPO)

**ORDER**

**THIS MATTER** comes before the Court by way of Petition for Writ of Habeas Corpus (ECF No.1) and the Court's prior December 3, 2025 Order (ECF No. 2). The Court held a conference on December 8, 2025.

**WHEREAS**, Respondents have failed to provide the Petitioner with a bond hearing by December 5, 2025; and

**WHEREAS**, the Respondents have stated they do not intend to file a response to the Petition by the due date of December 8, 2025; and

**WHEREAS**, it is clear to the Court that Petitioner is being unlawfully detained because, as set forth in this Court's recent decision in *Bethancourt-Soto v. Soto*, _____ F.Supp.3rd _____, No. 25-16200, 2025 WL 2976572 (D.N.J. 2025), as Petitioner was apprehended inside the United States after residing here for an extended period, he/she should have be detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date, a number which climbs with every passing day. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, at *4–5 (E.D. Pa. 2025)

(noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); *see also App., Demirel*, 2025 WL 3218243 (ECF No. 11-1) (collecting cases); and

**WHEREAS**, therefore "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediate release him and enjoin the Government from further similar transgressions," *see, e.g.*, *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 371–73 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained."); the Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later, *see, e.g.*, *Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at *7 & n.4 (E.D. Mich. Aug. 29, 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court

is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning."); therefore

**IT IS,** on this **8th day of December 2025**,

**ORDERED** that Petitioner's § 2241 Petition is **GRANTED**; Respondents shall **IMMEDIATELY RELEASE** Petitioner; and it is further

**ORDERED** that Respondents are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that should Respondents later detain Petitioner under § 1226(a) and fail to provide him with a timely bond hearing, Petitioner may move to promptly reopen this matter, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that the Clerk of the Court shall CLOSE this case.

*[signature: Christine P. O'Hearn]*
**CHRISTINE P. O'HEARN**
**United States District Judge**